UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON FRANCISCO PALMA-GRANDE, <br><br> Petitioner, <br><br> v. <br><br> WARDEN, CENTRAL VALLEY ANNEX, *et al.*, <br><br> Respondents. | Case No. 1:26-cv-04050-NW <br><br> **ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** <br><br> Re: ECF Nos. 1, 3 |

Petitioner Jason Francisco Palma-Grande ("Petitioner") was arrested by U.S. Immigration and Customs Enforcement ("ICE"), a division of the Department of Homeland Security ("DHS"), on April 24, 2026. He filed this petition for a writ of habeas corpus and motion for a temporary restraining order arguing that his detention violates his constitutional rights and the Administrative Procedure Act ("APA"). *See* ECF No. 1. The Court issued a briefing schedule and informed the parties that it intended to rule directly on the petition. ECF No. 7. For the reasons that follow, the Court GRANTS the petition and resolves Petitioner's motion for a temporary restraining order as moot.

## I.    BACKGROUND

On October 5, 2024, Petitioner entered the United States as a sixteen-year old unaccompanied minor; shortly thereafter he was taken into DHS custody. ECF No. 1 ¶ 24; *see also* ECF No. 9-1 at 2–3. While in custody, DHS placed Petitioner in removal proceedings pursuant to INS § 240 and served him with an allegedly defective Notice to Appear. ECF No. 1 ¶ 26; 1-1. Immigration authorities then designated Petitioner as an unaccompanied minor and transferred him to U.S. Department of Health and Human Services, Office of Refugee Resettlement ("ORR") custody. ECF No. 1 ¶ 26. On November 3, 2024, ORR released Petitioner

to the custody of his uncle, who was then living in Arlington, Texas. *Id*. ¶ 27; *see also* ECF Nos. 1-1, 9-1. Following his release, Petitioner established a life in Texas where he has family. Petitioner asserts that he has complied with all the conditions of his release, and Respondents, in their opposition, did not dispute this contention. ECF No. 1 ¶ 28. On April 24, 2026, Petitioner was arrested by ICE Officers in Arlington, Texas. ECF No. 9-1 at 8.

## II.    LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III.    DISCUSSION

Petitioner asserts two claims for relief, including that his detention violates the due process clause of the Fifth Amendment (count 1) and the APA (count 2). Because Petitioner's Due Process Clause claim (count 1) affords Petitioner all the relief to which he is entitled—namely, release and a pre-deprivation hearing prior to re-detention—the Court need not and does not reach Petitioner's APA claim. In opposition, Respondents only argue that "that Petitioner is an 'applicant for admission' who is subject to mandatory detention by ICE under 8 U.S.C. § 1225(b), though they acknowledged that "the majority of judges in the Eastern District of California have rejected" that argument. ECF No. 9 at 1–2.

United States District Court
Eastern District of California

United States District Court
Eastern District of California

### A.     8 U.S.C. § 1225(b) Does Not Apply to Petitioner.

Before turning to Petitioner's due process claim, the Court addresses whether Petitioner may be mandatorily detained under 8 U.S.C. § 1225(b)(2) as Respondents contend. *Id*. This Court—as well as the majority throughout the United States—have already concluded that applying § 1225(b) to non-citizens like Petitioner who are re-detained within the interior of the United States "(1) disregards the plain meaning of section 1225(b)(2)(A); (2) disregards the relationship between sections 1225 and 1226; (3) would render a recent amendment to section 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice." *Lepe v. Andrews*, 801 F.Supp.3d 1104, 1112 (E.D. Cal. Sept. 23, 2025) (collecting cases); *see also Lopez-Campos v. Raycraft*, No. 25-1965, 2026 WL 1283891, at *4–11 (6th Cir. May 11, 2026); *Barbosa da Cunha v. Freden*, No. 25-3141-PR, 2026 WL 1146044, at *4–9 (2d Cir. Apr. 28, 2026); *Castanon-Nava v. U.S. Dep't of Homeland Sec.*, No. 25-3050, 2026 WL 1223250, at *21 (7th Cir. May 5, 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, No. 25-14065, 2026 WL 1243395, at *21 (11th Cir. May 6, 2026); *Rodriguez Vazquez v. Bostock*, 802 F. Supp. 3d 1297, 1304 (W.D. Wash. Sept. 30, 2025); *Menjivar Sanchez v. Wofford,* No. 1:25-CV-01187-SKO (HC), 2025 WL 2959274, at *3–7 (E.D.Cal. Oct. 17, 2025) (collecting cases); *Shoimov v. Chestnut*, No. 1:25-CV-1603 CSK, 2026 WL 35624, at *4 (E.D. Cal. Jan. 6, 2026); *Singh v. Bondi et al.*, No. 1:26-CV-0396 DC CSK P, 2026 WL 469169, at *3 (E.D. Cal. Feb. 19, 2026); *Sharan S. v. Chestnut*, No. 1:25-cv-01427-KESSKO (HC), 2025 WL 3167826, at *5 (E.D.Cal. Nov. 12, 2025); *Ramirez Clavijo v. Kaiser*, No. 25-CV-06248-BLF, 2025 WL 2419263, at *3 (N.D. Cal. Aug. 21, 2025).

As such, Section 1225(b)(2) is not a lawful basis for detention.  The Court next turns to Petitioner's due process claim.

### B.     Petitioner's Re-Detention Violated Due Process

Petitioner's due process claim is analyzed "in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure that any deprivation of that protected liberty interest accords with the Constitution." *Garcia v. Andrews*, No. 2:25-cv-01884-TLN-SCR, 2025 WL 1927596, at *2 (E.D.

3

Cal. July 14, 2025) (citing *Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989)).

### C.    Protected Liberty Interest

The Trafficking Victims Protection and Reauthorization Act ("TVPRA"), which governs the detention of unaccompanied minors—like Petitioner—encountered at the border, provides that in making custody determinations the ORR should consider "danger to self, danger to the community, and risk of flight." 8 U.S.C. § 1232(c)(2)(A). The ORR's release of Petitioner to his uncle in November 2024 "then reflects a determination by the government that [Petitioner] is not a danger to the community or a flight risk." *Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1176 (N.D. Cal. 2017) ("[Immigration officials] may release the minor to a "sponsor" … so long as the minor is not dangerous) (citing 8 U.S.C. § 1232(c)(2)(A)). "Thus, DHS may generally not re-arrest a previously released noncitizen absent a change in circumstances." *Singh v. Noem*, No. 26-CV-0932-GPC-MMP, 2026 WL 468159, at *2 (S.D. Cal. Feb. 18, 2026).

Numerous courts have found that where an unaccompanied minor is released by the ORR to a sponsor, he obtains a liberty interest in his continued freedom, even after reaching adulthood. *See, e.g.*, *Sergio S.M. v. Noem*, No. 1:25-CV-01973-KES-HBK (HC), 2025 WL 3768206, at *3 (E.D. Cal. Dec. 31, 2025); *R.D.T.M. v. Wofford*, No. 1:25-CV-01141-KES-SKO (HC), 2025 WL 2686866, *4–5 (E.D. Cal. Sept. 18, 2025); *F.S.S.M. v. Wofford*, No. 1:25-CV-01518-TLN-AC, 2025 WL 3526671, at *3 (E.D. Cal. Dec. 9, 2025). Immigration officials' release of Petitioner in 2024 allowed him to live at liberty with his family. Under these circumstances, the Court finds that Petitioner has a protected liberty interest in his release. *See Guillermo M. R. v. Kaiser*, No. 25-CV-05436-RFL, 2025 WL 1983677, at *4 (N.D. Cal. July 17, 2025) (recognizing that "the liberty interest that arises upon release [from immigration detention] is *inherent* in the Due Process Clause"); *Ortega v. Kaiser*, No. 25-cv-05259-JST, 2025 WL 1771438, at *3 (N.D. Cal. June 26, 2025) (collecting cases finding that noncitizens who have been released have a strong liberty interest).

### D.    Due Process

As Petitioner has a protected liberty interest in his continued freedom, the Court must next

4

determine what process is due before the government may terminate his liberty.  Many courts have applied the test established by the Supreme Court in *Mathews v. Eldridge* in considering what process is due in the immigration context.  *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206 (9th Cir. 2022).  There are three factors relevant to the due process inquiry under the *Mathews* framework: (1) "the private interest that will be affected by the official action," (2) "the risk of an erroneous deprivation ... and the probable value, if any, of additional or substitute procedural safeguards," and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

As to the first *Mathews* factor, the Court finds that Petitioner has a substantial private interest in remaining out of immigration custody because he has been released pending civil removal proceedings for almost two years.  During that time, he's been allowed to live at liberty with his family.  "[His] detention denies [him] that freedom." *Omer G.G. v. Kaiser*, 815 F. Supp. 3d 1098, 1111 (E.D. Cal. 2025).

Turning to the second factor, "the risk of an erroneous deprivation [of liberty] is high" when, as here, "[the Petitioner] has not received any bond or custody redetermination hearing." *A.E. v. Andrews*, No. 1:25-cv-00107-KES-SKO, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025).  Civil immigration detention, which is "nonpunitive in purpose and effect[,]" is justified when a noncitizen presents a risk of flight or danger to the community. *See Zadvydas*, 533 U.S. at 690.  The record before the Court indicates that Petitioner has complied with all terms of his release and has no criminal history—facts that Respondents did not contest or rebut in their opposition.  As there have been no procedural safeguards to determine if Petitioner's re-detention is justified, "the probable value of additional procedural safeguards, i.e., a bond hearing, is high." *A.E.*, 2025 WL 1424382, at *5.

The final *Mathews* factor also weighs in Petitioner's favor.  Although the government has a strong interest in enforcing the immigration laws, the government's interest in detaining Petitioner without a hearing is "low." *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019); *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093–95 (E.D. Cal. 2025).  In immigration court, custody hearings

are routine and impose a "minimal" cost.  *Doe*, 787 F. Supp. 3d1094.  "If the government wishes to re-arrest [Petitioner] at any point, it has the power to take steps toward doing so[,]" but it must provide Petitioner with a hearing first.  *Ortega*, 415 F. Supp. 3d at 970.

## IV.    CONCLUSION AND ORDER

Accordingly, the Petition is GRANTED. IT IS HEREBY ORDERED that:

1.    Respondents immediately release Petitioner Jason Francisco Palma-Grande from their custody.

2.    Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation and/or custody hearing.

3.    If the Government seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter, at which Petitioner's eligibility for bond must be considered.  This Order does not address the circumstances in which the Government may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal.

4.    The Clerk of the Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

**IT IS SO ORDERED.**

Dated: June 8, 2026

Noël Wise
United States District Judge